IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KIMBERLY BESS,

    Plaintiff,

v.                                          Civil Action No. 5:13CV103
                                                                (STAMP)
CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE AS FRAMED,
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

I.  Procedural History

The plaintiff in this civil action filed claims for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, claiming that he suffered from disability beginning March 3, 2006. The plaintiff's underlying claims allege that she is disabled due to arthritis; headaches; neck and back problems; a knee injury; and issues with her legs, hips, and arms. Her claim was denied both initially and upon reconsideration. The plaintiff then requested a hearing, which was granted and held before an Administrative Law Judge ("ALJ"). At this hearing, the plaintiff testified and was represented by counsel. Additionally, a vocational expert offered testimony. The ALJ affirmed the denial of the plaintiff's application for benefits on the grounds that the plaintiff was not disabled as that term is defined by the Social

Security Act. The Appeals Council denied review, and the ALJ's decision became the final decision of the defendant, the Commissioner of Social Security ("Commissioner").

The plaintiff then filed this action against the Commissioner seeking review of the final decision of the ALJ. Both the plaintiff and the defendant filed motions for summary judgment. United States Magistrate Judge James E. Seibert reviewed the plaintiff's complaint, the motions by the parties and the administrative record, and issued a report and recommendation recommending that the defendant's motion for summary judgment be granted, the plaintiff's motion for summary judgment be denied, and the matter be dismissed and stricken from the Court's docket. Upon submitting his report, the magistrate judge informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within fourteen days after being served with a copy of the report.

The plaintiff timely filed objections to the report and recommendation. This Court then directed the defendant to file a response to the plaintiff's objections.

## II. <u>Facts</u>

In his order, the ALJ found that the plaintiff did not meet the criteria for any listing that would allow her to obtain the benefits she was seeking, but instead found that the plaintiff had

a residual functional capacity to perform a range of activity. Further, the ALJ found that the plaintiff had severe impairments which included arthritis, degenerative disc disease, a remote meniscus tear, post operative pain which restricted her range of motion, carpal tunnel syndrom, and obesity.  The ALJ found that the claimant also had the following non-severe impairments: hyperlipidemia, high cholesterol, a fatty liver, acid reflux disease, and depression. The ALJ found that because of her impairments, the plaintiff could not perform her past relevant work of replacing fire alarms.

In her motion for summary judgment, the plaintiff argues that: (1) the ALJ failed to consider her alleged diagnosis of fibromyalgia and thus her RFC classification was improper, and (2) the ALJ erroneously assessed her credibility.  The commissioner also filed a motion for summary judgment, in which she argues that the ALJ properly considered the alleged fibromyalgia and accurately assessed the plaintiff's RFC and credibility.

In his report and recommendation, the magistrate judge finds that the ALJ correctly considered the plaintiff's alleged fibromyalgia.  The ALJ found that the only evidence that can be reviewed is evidence that existed prior to the date last insured ("DLI"), which in this case was December 31, 2011.  Thus, the magistrate judge found that the ALJ correctly found that the diagnosis of fibromyalgia on February 29, 2012 could not be used in

the ALJ's analysis. The magistrate judge thus reasoned that the ALJ's conclusion, based on his observations that the plaintiff had been improving from mid-2006 to 2011, as to the RFC was reasonably based on sufficient evidence.

As to the determination of the plaintiff's credibility, the magistrate judge found that the ALJ correctly evaluated the plaintiff's symptoms in accordance with the Craig test and social security factors. The ALJ found that the plaintiff had medically determinable impairments that could reasonably cause some of her alleged symptoms. However, the ALJ then found that the plaintiff's statements are not credible as they are inconsistent with the medical evidence of record as to the severity of the impairments. The magistrate judge found that there was substantial evidence to support either side and thus the ALJ's decision was not "patently wrong" and could be upheld.

The plaintiff makes three objections to the magistrate judge's report and recommendation. The plaintiff first objects to the ALJ and magistrate judge's misapplication of the law of the United States Court of Appeals for the Fourth Circuit in Bird v. Commissioner of Social Sec. Admin., 699 F.3d 337 (4th Cir. 2012), which holds that an ALJ can consider retroactive evidence. The plaintiff asserts that the ALJ should have considered the fibromyalgia diagnosis as that evidence permitted an inference of linkage with the plaintiff's pre-date of last insured (pre-DLI)

4

impairments.  As such, the plaintiff argues that the longitudinal record of the plaintiff's symptoms was important in this case as those symptoms eventually resulted in a diagnosis of fibromyalgia. Next, the plaintiff contends that the ALJ improperly considered the plaintiff's credibility because he did not reference her fibromyalgia while considering her symptoms.  The plaintiff asserts that the fibromyalgia diagnosis lends credibility to the plaintiff's statements as to the severity of her symptoms. Finally, the plaintiff argues that even without the consideration of the fibromyalgia, there was not sufficient evidence to deny the plaintiff's benefits because of her severe multi-level spinal impairments.

After receiving the plaintiff's objections, this Court directed the defendant to respond to the plaintiff's objections as the applicability of <u>Bird</u> had not been raised previously.  In the defendant's response, she first argues that the ALJ properly considered plaintiff's alleged fibromyalgia by comparing pre-DLI and post-DLI evidence.  The defendant asserts that the ALJ found that there was a lack of pre-DLI evidence to support a finding that the alleged impairment was present pre-DLI as the plaintiff had a period of improvement throughout 2010 and 2011.  In this vein, the defendant states that she respectfully disagrees with the report and recommendation.  Further, the defendant contends that the report and recommendation correctly upheld the ALJ's credibility

5

finding.  The defendant asserts that the ALJ evaluated the plaintiff's symptoms in accordance with the controlling regulations and standards.

For the reasons set forth below, this Court finds that the report and recommendation of the magistrate judge should be affirmed and adopted as framed.

### III.  Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made.  As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are clearly erroneous.  Because the plaintiff filed objections, this Court will undertake a de novo review of the report and recommendation.

### IV.  Discussion

The following standard will be applicable to all of the plaintiff's objections and the magistrate judge's findings.  An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998).  Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'"  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility

6

of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" Sec'y of Labor v. Mut. Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

A. Consideration of Fibromyalgia

Post-DLI medical evidence may be retroactively considered by an ALJ if "that evidence permits an inference of linkage with the claimant's pre-DLI condition." Bird, 669 F.3d at 340-41. For instance, in Bird, the plaintiff had been diagnosed with post-traumatic stress disorder ("PTSD") after his DLI but not pre-DLI. Id. at 340. Post-DLI, the plaintiff was evaluated through the Department of Veteran Affairs ("VA") and diagnosed as having PTSD that caused a "severe level of impairment." Id. However, the ALJ found that his PTSD was insufficiently severe to qualify him for disability benefits. Id. In making this finding, the ALJ reasoned that there was not enough evidence to support a finding of disability because the VA rating decision had occurred after the plaintiff's DLI. Id. On appeal, the Fourth Circuit found that the ALJ should have considered retroactive post-DLI evidence as the plaintiff's VA diagnosis related to his history of impairment. Id.

The plaintiff asserts in her objections that the magistrate judge incorrectly found that the ALJ did not need to consider the post-DLI diagnosis of fibromyalgia. Further, the plaintiff argues

that even without the diagnosis of fibromyalgia, there was enough evidence to support a finding that the plaintiff was eligible for benefits. The defendant asserts that the ALJ considered the post-DLI fibromyalgia diagnosis but found that given the improvements in the period beforehand, the plaintiff was not eligible for benefits. As stated previously, the magistrate judge upheld the ALJ's decision finding that the ALJ only needed to consider the pre-DLI evidence.

The magistrate judge must judge the ALJ's decision on the reasoning offered by the ALJ. S.E.C. v. Chenery Corp., 332 U.S. 194, 196-97 (1947). However, "in reviewing the decision of a lower court, it must be affirmed if the result is correct 'although the lower court relied upon a wrong ground or gave a wrong reason.'" Chenery Corp., 318 U.S. at 88 (citing Helvering v. Gowran, 302 U.S. 238, 245 (1937)). As such, even if the magistrate judge incorrectly considered the reasoning offered by the ALJ, this Court must uphold the finding of the report and recommendation if the result is correct.

Contrary to the magistrate judge's finding, an ALJ should consider any post-DLI evidence that would have permitted an inference of linkage with the plaintiff's pre-DLI condition. However, in this case, the ALJ did so. Specifically, the ALj considered Dr. Saikali's (the treating physician who diagnosed fibromyalgia) report. See ECF No. 7-2 at 29. The ALJ noted that

8

Dr. Saikali "made reference to 'fibromyalgia' in a letter of February 29, 2012 . . . but his notes and information contained in the medical evidence of record do not offer objective findings consistent with such a diagnosis which requires objective clinical findings . . . ." Id. Further, the ALJ states that Dr. Saikali references other possible causes for the plaintiff's symptoms other than fibromyalgia. Thus, although the report and recommendation incorrectly considered the ALJ's reasoning, it is clear that the ALJ correctly considered Dr. Saikali's report and his reference to fibromyalgia.

Moreover, the ALJ considered the plaintiff's spinal impairments. The ALJ took into account the medical evidence supporting a spinal impairment, noting the plaintiff's complaints of chronic neck and back pain, her course of physical therapy, and the plaintiff's cervical spine surgery. Id. at 28. However, the ALJ found that the plaintiff's improvements during the applicable time period weighed against a finding that she was eligible for benefits. Id. Additionally, the ALJ did indicate that the plaintiff had "some degree of impairments that are likely to impose some limitations on her functioning" but that her treatment history failed to demonstrate the degree of severity she had alleged. Id. at 29.

The ALJ thus made a determination, based on the physicians' reports and other evidence on the record, which a "'reasonable mind

might accept as adequate to support a conclusion.'" Hays, 907 F.2d at 1456. Although the plaintiff may believe that an opposite conclusion should have been drawn, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" Mut. Mining, Inc., 80 F.3d at 113. As such, this Court finds that there is substantial evidence to uphold the ALJ's finding and thus the plaintiff's objections as to the ALJ's consideration of her fibromyalgia and spinal impairments are overruled.

B. Credibility

The ALJ applied the two part test set forth in Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996), in determining the status of the plaintiff:

> [1] [F]or pain to be found to be disabling, there must be shown a medically determinable impairment which could reasonably be expected to cause not just pain, or some pain, or pain of some kind or severity, but the pain the claimant alleges she suffers. The regulation thus requires at the threshold a showing by objective evidence of the existence of a medical impairment "which could reasonably be expected to produce" the actual pain, in the amount and degree, alleged by the claimant. (citations omitted).
>
> [2] It is only after a claimant has met her threshold obligation of showing by objective medical evidence a medical impairment reasonably likely to cause the pain claimed, that the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work, must be evaluated. See 20 C.F.R. §§ 416.929(c)(1) & 404.1529(c)(1). Under the regulations, this evaluation must take into account not only the claimant's statements about her pain, but also

> "all the available evidence," including the claimant's medical history, medical signs, and laboratory findings, see id.; any objective medical evidence of pain (such as evidence of reduced joint motion, muscle spasms, deteriorating tissues, redness, etc.), see 20 C.F.R. §§ 416.929(c)(2) & 404.1529(c)(2); and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it, see 20 C.F.R. §§ 416.929(c)(3) & 404.1529(c)(3).

The ALJ found that the alleged medical impairments the plaintiff complained of could cause some of the alleged symptoms. See ECF No. 7-2 at 26. Thus, he moved to the second step and found that the plaintiff could not meet that requirement. The ALJ considered the plaintiff's testimony at the hearing, the plaintiff's function report, and also the medical evidence of the record as to the plaintiff's physical impairments. Id.

In considering the plaintiff's impairments, the ALJ also considered the plaintiff's allegations and compared those allegations to the plaintiff's testimony at the hearing and the medical evidence provided in the reports. The ALJ considered the plaintiff's responses and found that they were inconsistent with the symptoms reported in the medical records and the RFC assessment. To reiterate, this Court may not overturn an ALJ's decision simply because two inconsistent conclusions may be drawn from the same evidence. In this action, the ALJ correctly considered the plaintiff's function report; her testimony; and the medical evidence of record, including post-DLI evidence. Thus,

this Court finds that there was substantial evidence to support the ALJ's determination of the plaintiff's credibility and thus her objections to that determination are overruled.

### V. Conclusion

Based upon a de novo review of the findings of the report and recommendation that were objected to by the plaintiff this Court AFFIRMS and ADOPTS AS FRAMED the magistrate judge's recommendation that the defendant's motion for summary judgment be granted and the plaintiff's motion for summary judgment be denied.  Thus, for the reasons stated above, the defendant's motion for summary judgment (ECF No. 13) is GRANTED and the plaintiff's motion for summary judgment (ECF No. 12) is DENIED.  It is further ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    September 3, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE